

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

JESUS FUENTES, as a Parent of a Disabled
Child,

                Plaintiff,

- against -

BOARD OF EDUCATION OF THE CITY OF
NEW YORK, BARRY MASTELLONE,
Administrator of the HHVI of the Board of
Education of the City of New York; DENISE
WASHINGTON, Chief Administrator of Impartial
Hearing Office of the Board of Education of the
City of New York,

                Defendants.
----------------------------------------------------------x

**ORDER**
**10-CV-1587 (FB) (LB)**

**BLOCK, United States District Judge:**

       Plaintiff, currently incarcerated at Dannemora Correctional Facility, brings this *pro se* action. Plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915 is hereby granted. The United States Marshals Service is directed to serve the summons and complaint upon the defendants without prepayment of fees.

Background

       Plaintiff's instant action is similar to a prior complaint that he filed with this Court. In Fuentes v. Board of Education et al., 01-CV-1454 (FB), plaintiff, a biological and non-custodial father, filed a complaint alleging he was denied his rights under the Individuals with Disabilities Act ("IDEA"), and 42 U.S.C. § 1983, to a hearing to review determinations by the New York City Board of Education regarding his son's educational needs.

By order dated April 24, 2003, Judge Frederic Block concluded that under New York law a non-custodial parent has no right to make special education decisions on behalf of his child, and therefore, plaintiff lacked standing to bring this action. See Fuentes v. Board of Education et al., 01-CV-1454 (FB) (order dated April 24, 2003). Plaintiff appealed the dismissal to the United States Court of Appeals for the Second Circuit which remanded the action to this Court to determine whether the failure of plaintiff to join his ex-wife in the action warrants dismissal of the action. See Fuentes v. Board of Educ. of City of New York, 136 Fed.Appx. 448, 499-50 (2d Cir. 2005).

On remand, Judge Block ruled that plaintiff's ex-wife's absence from the suit did not warrant dismissal, and he once again dismissed plaintiff's claim for lack of standing. See Fuentes v. Board of Education et al., 01-CV-1454 (FB) (order dated September 12, 2006). Plaintiff appealed the dismissal to the Second Circuit which determined that there was no controlling precedent from the New York Court of Appeals. Accordingly, the Second Circuit certified the following question to the New York Court of Appeals:

> Whether, under New York law, the biological and non-custodial parent of a child retains the right to participate in decisions pertaining to the education of the child where (1) the custodial parent is granted exclusive custody of the child and (2) the divorce decree and custody order are silent as to the right to control such decisions.

Fuentes v. Board of Education et al., 540 F.3d 145, 153 (2d Cir. 2008).

The New York Court of Appeals accepted the certification and modified the question as follows:

> Whether, under New York law, the non-custodial parent of a child retains decision-making authority pertaining to the education of the child where (1) the custodial parent is granted exclusive custody of the child and (2) the divorce decree and custody order are silent as to the right to control such decisions.

Fuentes v. Board of Educ. of City of New York, 12 N.Y.3d 309, 314 (2009).

On April 30, 2009, the New York Court of Appeals answered the certified question in the negative, and held that: "unless the custody order expressly permits joint decision-making authority or designates particular authority with respect to the child's education, a non-custodial parent has no right to 'control' such decisions. This authority properly belongs to the custodial parent." Id.

Accordingly, on January 15, 2009, the Second Circuit, affirmed the dismissal of this Court, and concluded that plaintiff lacked standing to sue as a "parent" under the IDEA.[1] Fuentes v. Board of Educ. of City of New York, 569 F.3d 46 (2d Cir. 2009).

The Instant Complaint

This Court is obliged to construe plaintiff's pleadings liberally and interpret his pleadings as raising the strongest arguments they suggest. Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006). Furthermore, plaintiff's complaint is held to less stringent standards than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89 (2007). Here, plaintiff's complaint alleges, *inter alia*, that the IDEA violates his equal protection guarantees, procedural due process rights, and substantive due process rights as provided by the United States Constitution. See Complaint at 30-31. Plaintiff seeks declaratory relief and monetary damages.

---

[1] A dismissal for lack of standing does not have preclusive effect. See St. Pierre v. Dyer, 208 F.3d 394, 400 (2d Cir. 2000) (holding that dismissal for lack of standing has no res judicata effect on a later lawsuit); Akhenaten v. Najee LLC., 544 F.Supp.2d 320, 333 (S.D.N.Y. 2008). Accordingly, plaintiff's prior action does not bar the instant complaint.

3

## CONCLUSION

Accordingly, it is hereby:

ORDERED that the United States Marshals Service is directed to serve the summons and complaint upon the defendants without prepayment of fees;

ORDERED that a courtesy copy of the summons, complaint, and this order shall be served upon the Corporation Counsel for the City of New York, and it is further;

ORDERED that the case is referred to United States Magistrate Judge Lois Bloom for all pretrial proceedings.

SO ORDERED.

FREDERIC BLOCK
United States Magistrate Judge

Dated: 7/21/. 2010
Brooklyn, New York

4